**UNITED STATES DISTRICT COURT**
**for the**
**Southern District of Florida**
**Miami Division**

**Case No.** 1:23-cv-22312-RNS

| | |
|---|---|
| Cinthia Liz Pari Cahuana, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| Super Autos Doral LLC, | ) |
| a Florida limited liability company, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Defendant, Super Autos Doral LLC's Motion for Leave to Amend**
**its Answer to and Affirmative Defenses to Complaint**

The Defendant, Super Autos Doral LLC ("Super Autos"), by and through their undersigned counsel, hereby files its Motion for Leave to Amend its Answer to and Affirmative Defenses to Complaint for Declaratory Judgment and Damages pursuant to Local Rules 7.1(a) and 15.1 of the United States District Court for the Southern District of Florida, Rule 15(a)(2) of the Federal Rules of Civil Procedure and the Order Establishing Pretrial Dates and Procedures. Super Autos respectfully requests that this Court enter an Order granting Super Autos leave to file its Answer and *First Amended* Affirmative Defenses to Plaintiff's Complaint and state as follows:

1. This is an action for damages for inter alia, failure to comply with the Federal Odometer Act, 49 USC 32701.

2. Plaintiff filed its Complaint on June 22, 2023.

3. Super Autos filed its Answer and Affirmative Defenses to Plaintiff's Complaint on August 24, 2023.

4. Since the filing of this action, the depositions of Plaintiff and Super Autos' corporate representative were conducted. Additionally, Plaintiff settled its claims against Defendant Westlake Services, LLC.

5. Super Autos desires to amend its defenses to include defenses for compliance with the subject Act and setoff for amounts paid to Plaintiff by Westlake Services LLC.

6. This request is made in good faith and does not prejudice the Plaintiff in this matter.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 15 states in pertinent part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." F.R.C.P. 15(a)(2) (emphasis added).

> The decision whether to grant or leave to amend it committed to the sound discretion of the trial court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618 (11th Cir. 1983). However, "[d]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend ''shall be freely given when justice so requires.' '' *Dussony v. Gulf Coast Investment Corp*., 660 F.2d 594, 597 (5th Cir.1981). This Policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id*. at 598.
> Espev v. Wainwright, 734 F.2d 748, 759 (11th Cir. 1994).

Unless there is undue today, bad faith, futility, a dilatory motive or prejudice to the opposing party, "the leave sought should, as the rules require, by 'freely given.'" Allapattah Services, Inc. v. Exxon Corp., 61 F.Supp.2d 1326, 1333 (S.D.Fla. 1999) (internal citations omitted).

2

Wherefore Super Autos, respectfully requests that this Honorable Court enter the attached proposed Order granting leave for Super Autos to file the attached proposed pleadings Exhibit B), and deem the same filed as of the date of the Court's Order, and for such other relief as this Court deems necessary and just.

### Certificate of Good Faith Conference

Pursuant to Local Rule 7.1(a)(3), undersigned counsel has conferred with counsel for Plaintiff. The Plaintiff's Counsel objects to the relief sought herein.

### Certificate of Service

I hereby certify that on April 29, 2024, I served the foregoing document on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Garcia-Menocal Irias & Pastori, LLP
*Attorneys for Super Autos Doral LLC*
368 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 400-9652
Fax: (305) 520-0195
E-mail: jgm@gmilaw.com

By: */s/ Jorge A. Garcia-Menocal*
     Jorge A. Garcia-Menocal, Esq.
     Florida Bar No. 17990

### Service List

**Joshua E. Feygin**
Joshua Feygin, PLLC
1800 E. Hallandale Bch. Blvd.
#85293
Hallandale Beach, FL 33009
9542285674
Fax: 9542285674
Email: josh@jfeyginesq.com

# Exhibit "A"

**UNITED STATES DISTRICT COURT**
**for the**
**Southern District of Florida**
**Miami Division**

Case No. 1:23-cv-22312-RNS

| | |
|---|---|
| Cinthia Liz Pari Cahuana, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| Super Autos Doral LLC, | ) |
| a Florida limited liability company, | ) |
| et al., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**Defendant's Amended Answers and Affirmative Defenses to Plaintiff's Complaint**

Defendant Super Autos Doral LLC (hereinafter the "Defendant") responds to Plaintiff, Cinthia Liz Pari Cahuana's (hereinafter referred to as the "Plaintiff") Complaint (D.E. 1) as follows in numbered paragraphs corresponding to the numbered paragraphs of the Complaint. Defendant denies each and every allegation not expressly admitted below.

### Answer

1. Defendant admits that the Court has jurisdiction over the instant action; however, Defendant states that Plaintiff is not entitled to the relief sought herein.

2. Defendant admits the allegations of this paragraph.

3. Defendant admits the allegations of this paragraph.

4. Defendant lacks knowledge or information sufficient to form a reasonable belief as to the allegations of this paragraph and accordingly denies the allegations of this paragraph.

5. Defendant denies the allegations of this paragraph.

6. Defendant lacks knowledge or information sufficient to form a reasonable belief as to the allegations of this paragraph and accordingly denies the allegations of this paragraph.

7. Defendant lacks knowledge or information sufficient to form a reasonable belief as to the allegations of this paragraph and accordingly denies the allegations of this paragraph.

8. Defendant denies the allegations of this paragraph.

9. Defendant denies the allegations of this paragraph.

10. Defendant denies the allegations of this paragraph.

11. Defendant denies the allegations of this paragraph.

12. Defendant denies the allegations of this paragraph.

13. Defendant admits the allegations of this paragraph.

14. Defendant admits the allegations of this paragraph.

15. Defendant states that the agreement speaks for itself, therefore any characterizations thereof are denied.

16. Defendant lacks knowledge or information sufficient to form a reasonable belief as to the allegations of this paragraph and accordingly denies the allegations of this paragraph.

17. Defendant denies the allegations of this paragraph.

18. Defendant denies the allegations of this paragraph.

19. Defendant lacks knowledge or information sufficient to form a reasonable belief as to the allegations of this paragraph and accordingly denies the allegations of this paragraph.

20. Defendant denies the allegations of this paragraph.

21. Defendant lacks knowledge or information sufficient to form a reasonable belief as to the allegations of this paragraph and accordingly denies the allegations of this paragraph.

22. Defendant lacks knowledge or information sufficient to form a reasonable belief as to the allegations of this paragraph and accordingly denies the allegations of this paragraph.

23. Defendant denies the allegations of this paragraph.

24. Defendant denies the allegations of this paragraph.

25. Defendant denies the allegations of this paragraph.

26. Defendant denies the allegations of this paragraph.

27. Defendant denies the allegations of this paragraph.

28. Defendant states that the agreement speaks for itself, therefore any characterizations thereof are denied.

29. Defendant admits the allegations of this paragraph.

30. Defendant denies the allegations of this paragraph.

31. Defendant denies the allegations of this paragraph.

32. Defendant denies the allegations of this paragraph.

33. Defendant denies the allegations of this paragraph.

34. Defendant admits that the Court has jurisdiction over the instant action; however, Defendant states that Plaintiff is not entitled to the relief sought herein.

35. Defendant reasserts its responses to paragraphs 1 through 33 as if fully set forth herein.

36. Defendant denies the allegations of this paragraph.

37. Defendant admits the allegations of this paragraph.

38. Defendant admits the allegations of this paragraph.

39. Defendant denies the allegations of this paragraph.

40. Defendant denies the allegations of this paragraph.

41. Defendant denies the allegations of this paragraph.

42. Defendant denies the allegations of this paragraph.

43. Defendant denies the allegations of this paragraph.

44. Defendant denies the allegations of this paragraph.

45. Defendant denies the allegations of this paragraph.

46. Defendant denies the allegations of this paragraph.

47. Defendant denies the allegations of this paragraph.

48. Defendant lacks knowledge or information sufficient to form a reasonable belief as to the allegations of this paragraph and accordingly denies the allegations of this paragraph.

49. Defendant denies the allegations of this paragraph.

50. Defendant admits that the Court has jurisdiction over the instant action; however, Defendant states that Plaintiff is not entitled to the relief sought herein.

51. Defendant reasserts its responses to paragraphs 1 through 33 as if fully set forth herein.

52. Defendant denies the allegations of this paragraph.

53. Defendant denies the allegations of this paragraph.

54. Defendant denies the allegations of this paragraph.

55. Defendant denies the allegations of this paragraph.

56. Defendant denies the allegations of this paragraph.

57. Defendant denies the allegations of this paragraph.

58. Defendant denies the allegations of this paragraph.

59. Defendant admits that the Court has jurisdiction over the instant action; however, Defendant states that Plaintiff is not entitled to the relief sought herein.

60. Defendant reasserts its responses to paragraphs 1 through 33 as if fully set forth herein.

61. Defendant denies the allegations of this paragraph.

62. Defendant denies the allegations of this paragraph.

63. Defendant denies the allegations of this paragraph.

64. Defendant denies the allegations of this paragraph.

65. Defendant denies the allegations of this paragraph.

66. Defendant denies the allegations of this paragraph.

67. Defendant admits that the Court has jurisdiction over the instant action; however, Defendant states that Plaintiff is not entitled to the relief sought herein.

68. Defendant reasserts its responses to paragraphs 1 through 33 as if fully set forth herein.

69. Defendant denies the allegations of this paragraph.

70. Defendant denies the allegations of this paragraph.

71. Defendant denies the allegations of this paragraph.

72. Defendant denies the allegations of this paragraph.

73. Defendant denies the allegations of this paragraph.

## Affirmative Defenses and Other Matters

### First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted, or upon which damages, or attorneys' fees or costs can be awarded. Specifically, the complaint should be dismissed to the extent it fails to state a claim upon which relief can be granted under relevant law.

### Second Affirmative Defense

At all relevant times, Defendant acted in good faith and with reasonable belief that it did not violate any law with respect to Plaintiffs and without intent to defraud Plaintiff.

### Third Affirmative Defense

Plaintiff cannot prevail under Counts II and III as the parties to this action executed the subject agreement. Therefore Plaintiff should only recover damages if any under the subject agreement.

### Fourth Affirmative Defense

Plaintiff cannot prevail under Count IV as the parties to this action as the vehicle was sold as is and Defendant has no obligation to correct the alleged issues.

### Fifth Affirmative Defense

Defendant is entitled to a setoff for all amounts received by Plaintiff by collateral sources including without limitation, settlement payments received by Plaintiff from Westlake Services LLC.

### Sixth Affirmative Defense

Defendant complied with the Act given that documents executed by Plaintiff at closing regarding the odometer reading were filed with the State ensuring the accuracy of statements pertaining to the a car's mileage. Specifically, Defendant provided Plaintiff with a statement of the vehicle's current mileage amongst others. And although Defendant disclosed the vehicle's salvage history, no requirement to do so is contained in the Act.

### Demand for Jury trial

The Defendant demands trial by jury of all issues so triable.

### Certificate of Service

I hereby certify that on April 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

Garcia-Menocal Irias & Pastori, LLP
*Attorneys for Defendants*
368 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 400-9652
Fax: (305) 520-0195
E-mail: jgm@gmilaw.com

By: */s/ Jorge A. Garcia-Menocal*
Jorge A. Garcia-Menocal, Esq.
Florida Bar No. 17990

### Certificate of Service

I hereby certify that on April 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

Garcia-Menocal Irias & Pastori, LLP
*Attorneys for Defendant.*
368 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 400-9652
Fax: (305) 520-0195
E-mail: jgm@gmilaw.com

By: */s/ Jorge A. Garcia-Menocal*
Jorge A. Garcia-Menocal, Esq.
Florida Bar No. 17990

### Service List

**Joshua E. Feygin**
Joshua Feygin, PLLC
1800 E. Hallandale Bch. Blvd.
#85293
Hallandale Beach, FL 33009
9542285674
Fax: 9542285674
Email: josh@jfeyginesq.com

**James Randolph Liebler , II**
Liebler, Gonzalez , Portuondo
2500 Courthouse Tower

44 West Flagler Street
Miami, FL 33130
3053790400
Fax: 3053799626
Email: jrlii@lgplaw.com

**Ira Scott Silverstein**
Liebler, Gonzalez & Portuondo
44 West Flagler Street
25th Floor
Miami, FL 33130
305-379-0400
Fax: 305-379-9626
Email: iss@lgplaw.com