UNITED STATES DISTRICT COURT
for the
Southern District of Florida
Miami Division

Case No. 1:23-cv-22312-RNS

| | |
|---|---|
| Cinthia Liz Pari Cahuana, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| Super Autos Doral LLC, | ) |
| a Florida limited liability company, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**Defendant, Super Autos Doral LLC's' Motion to Extend
Discovery Deadline for an Additional 45 Day Period**

Pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4), Defendant, **Super Autos Doral LLC** (hereinafter referred to as "Defendant") hereby moves for moves this Court to Extend this matter's discovery period and to further extend the post-discovery deadlines and dispositive motion deadline, and as grounds therefore states:

1. This is an action for damages for inter alia, failure to comply with the Federal Odometer Act, 49 USC 32701.

2. This matter is set the two-week trial period commencing on September 9, 2024. [DE 23]. And Discovery is set to close on April 29, 2024. Id. Dispositive motions are due to be filed by May 13, 2024.

3. Defendant deposed the Plaintiff in this matter on February 26, 2024. During the deposition Plaintiff requested that the deposition be continued because he had to pick up her child. The undersigned attorney agreed and ultimately the deposition was continued and concluded on

March 15, 2024.

4. During the deposition, given that Plaintiff is seeking damages with include, inter alia, all payments made towards the subject vehicle, the undersigned attorney questioned Plaintiff about damages, in the way of payments made to the financier.

5. Plaintiff, with her attorney's acquiescence, refused to respond to questions pertaining to the settlement agreement that she executed with former defendant Westlake Services, LLC, stating that the agreement's terms were confidential.[1]

6. As damages are concerned, additional discovery is necessary to prepare this matter for trial. Specifically, Defendant needs to conduct a Federal Rules of Civil Procedure Rule 30 corporate witness deposition[2] of Defendant, Westlake Services LLC in preparation for trial to (i) determine what damages, if any, Plaintiff continues to claim and (ii) to determine whether Plaintiff was advised that the subject vehicle's title was "rebuilt".[3]

7. Further, Defendant propounded its first request for production on April 3, 2024. A response is due May 3, 2024. For the reasons mentioned above, Defendant desires to receive responsive documents and receive the Court's assistance if any issues arise.[4]

8. No further discovery is anticipated.

9. This motion is not meant to unduly delay the resolution of this matter on its merits.

10. Plaintiff, who herself sought an extension of time to extend the discovery deadline,

---

[1] It is important to note that pursuant to Defendant's and Westlake Services LLC's finance agreement, Defendant was required to indemnify Westlake Services LLC. Pursuant to this understanding, Defendant paid Westlake Services LLC the sum of $25,000 presumably to payoff the settlement amount reached by Westlake Services LLC and Plaintiff. Defendant believes that pursuant to the agreement, Plaintiff was reimbursed all amounts paid to the financier.
[2] Notably, Plaintiff scheduled Westlake Services LLC's corporate representative deposition and cancelled the deposition on April 10, 2024.
[3] The cornerstone of Plaintiff's claim is that the vehicle's certificate of title was withheld so that Plaintiff was deceived into purchasing the vehicle.
[4] It is important to note that during her deposition, Plaintiff testified either that (i) she had never seen the documents presented, all of which contained her signature and (ii) that she did not sign the documents. Defendant presumes that Plaintiff is suggesting that the signatures were forged.

2

will not be prejudiced by the granting of this motion if the Court also extends the dispositive motion deadline.

11. Undersigned has conferred with Defendants' counsel, however Defendants counsel has not been able to reach his clients to obtain approval of the relief sought in this motion.

WHEREFORE, the Plaintiff respectfully requests that this Court extend this matter's discovery period an additional forty-five (45) days, and to further extend this matter's post-discovery deadline and the dispositive motion deadline.

### Local Rule 7.1(A)(3) Certification

Pursuant to Local Rule 7.1(A)(3), undersigned counsel for Defendant certifies that he has conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in this Complaint and Plaintiff's attorney has indicated that he is opposed to the relief sought in this motion.

### Certificate of Service

I hereby certify that on April 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

Garcia-Menocal Irias & Pastori, LLP
*Attorneys for Defendant, Super Autos*
368 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 400-9652
Fax: (305) 520-0195
E-mail: jgm@gmilaw.com

By: */s/ Jorge A. Garcia-Menocal*
    Jorge A. Garcia-Menocal, Esq.
    Florida Bar No. 17990

**Service List**

**Joshua E. Feygin**
Joshua Feygin, PLLC
1800 E. Hallandale Bch. Blvd.
#85293
Hallandale Beach, FL 33009
9542285674
Fax: 9542285674
Email: josh@jfeyginesq.com