United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Cinthia Liz Pari Cahuana, an individual, Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 23-22312-Civ-Scola |
| Super Autos Doral, LLC, a Florida limited liability company, and Westlake Services, LLC, d/b/a Westlake Financial Services, a foreign entity, Defendants. | ) ) ) ) ) ) | |

## Order Denying Plaintiff's Motion for Leave to Amend Answer and Affirmative Defenses

This cause comes before the Court on the Defendant Super Autos Doral, LLC's motion for leave to amend its answer and affirmative defenses. (ECF No. 44.) The Plaintiff responded opposing the motion. (ECF No. 45.) The Defendant has not filed a reply, and the time to do so has passed.

The Court's scheduling order set October 30, 2023, as the deadline to amend the pleadings. (ECF No. 23.) When a party seeks leave to amend after the deadline to do so has passed, the movant must do more than argue leave is due under Rule 15(a). The movant must first show "good cause" under Rule 16(b) to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa*, 133 F.3d at 1418. Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2).

As the Plaintiff's response points out, the Defendant's motion does not cite to Rule 16, does not argue good cause exists for untimely amendment, and fails to illustrate that the Court's schedule could not be met despite the Defendant's diligence. (*See* ECF Nos. 44, 45.) Even after the Plaintiff's response highlighted the Defendant's deficiency, the Defendant failed to reply to argue good cause supports amendment. Because the Defendant has not provided any basis to

support untimely amendment of its answers and affirmative defenses more than six months past the deadline, the Court need not consider whether amendment is otherwise proper. *See Sosa*, 133 F.3d at 1418. Accordingly, the Defendant's motion for leave to amend the answer and affirmative defenses is **denied**. (**Mot., ECF No. 44.**)

**Done and ordered** in Miami, Florida on May 8, 2024.

Robert N. Scola, Jr.
United States District Judge